Requestor: Murray N. Jacobson, Town Attorney Town of Clarkstown 10 Maple Avenue New City, New York 10956-5099
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a police commission of a town, established under the provisions of the Rockland County Police Act, serves as the appointing authority for police officers and other employees of the police department.
Chapter 526 of the Laws of 1936 governs the establishment of police departments in towns of the first class in Rockland County. The town board of any such town, which employs police officers, must establish a police department in accordance with the provisions of the act (L 1936, ch 536, § 2). The town board is responsible for appointing a chief of police, and such other officers and employees as may be needed (ibid.). Where a police department has been established, the town board by resolution may establish a board of police commissioners (ibid.). The board of police commissioners "shall have and exercise all of the powers relative to police matters conferred upon the town board pursuant to this article" (ibid.). At any time, the town board may abolish the police commission and assume responsibility for the police department (ibid.).
It seems clear under the Rockland County Police Act that once a board of police commissioners is established, it exercises all of the powers of the town board with respect to the police department. Thus, the police commission would serve as the appointing authority for police officers and other employees of the department.
You have cited a previous opinion of this office construing provisions of the Town Law governing town police departments, which more narrowly defines the powers of police commissions (1976 Op Atty Gen [Inf] 166). The relevant language of the Town Law is substantively the same as the above-cited provisions of the Rockland County Police Act and does not warrant a different construction (see Town Law, § 150[2] granting to a board of police commissioners all powers in relation to police matters that are conferred upon the town board). The 1976 opinion is overruled and we refer you to a more recent opinion which accurately construes the provisions of the Town Law in relation to the power of town police commissions (1980 Op Atty Gen [Inf] 249).
We conclude that under the Rockland County Police Act a town police commission performs all of the responsibilities of the town board in relation to the police department including the appointment of officers and employees of the department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.